**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:26-cv-6120-AKH |

**ANSWER OF DEFENDANT UNCHARTED LABS, INC., D/B/A UDIO.COM, TO COMPLAINT**

Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio"), by and through its undersigned counsel, hereby answers the complaint filed on July 20, 2026 (the "Complaint") by Sony Music Entertainment, Alamo Records, LLC, Arista Music, Arista Records, LLC, LaFace Records, LLC, Records Label, LLC ("Records Label"), Sony Music Entertainment US Latin, LLC, Ultra Records, LLC, Volcano Entertainment III, LLC, and Zomba Recording, LLC (collectively, "Plaintiffs").

## RESPONSES TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION[1]

1. Udio admits that this is the second action against Udio brought by certain of the Plaintiffs in this action and that this action asserts 30,117 works. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio denies the remaining allegations of this paragraph.

2. Udio admits that its generative AI tool allows users to generate, among other things, digital music files in response to basic inputs. Udio admits that its models were constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those recordings. Udio admits that it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio denies the remaining allegations of this paragraph.

3. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

4. Udio admits that certain of the Plaintiffs previously filed a lawsuit against Udio in June 2024 (the "Previous Action"). Udio admits that the selectively quoted language appears in

[1] The various headings and subheadings of the Complaint are not allegations and thus do not require a response. Udio reproduces them in this Answer solely for convenience. To the extent a response is required, Udio denies any allegations contained in the headings and subheadings of the Complaint.

its Answer in the Previous Action, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of that pleading, that document speaks for itself. Udio further admits that on April 25, 2024, it received a letter from certain Plaintiffs in connection with the Previous Action. Udio admits that on May 1, 2024, it provided a response to that letter. Udio admits that its May 1, 2024 letter did not disclose details about the contents of Udio's training data, which Udio regards as competitively sensitive. Udio further admits that since March 20, 2025, certain Plaintiffs in this action have accessed Udio's source code and training data numerous times in a controlled environment in secured rooms located within the office of Udio's outside counsel in the course of discovery in the Previous Action. Udio admits that Plaintiffs have informed Udio that they conducted a process involving Audible Magic and have made the results of that process available to Udio. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

5. Udio admits the plaintiffs in the Previous Action sought leave to amend their complaint and that their motion was denied. To the extent the allegations in this paragraph purport to quote from or characterize portions of a public court document, that document speaks for itself. To the extent the remaining allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

6. To the extent the allegations in this paragraph purport to summarize or characterize Udio's Answer in the Previous Action, that document speaks for itself. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a

response is required, Udio denies the allegations of this paragraph.

7. Udio admits that it has entered into agreements with several prior plaintiffs in the Previous Action, including Universal Music Group and Warner Music Group, to settle those prior plaintiffs' claims in the Previous Action and that those agreements include licensing terms. Udio admits that it has entered into agreements with Merlin, Kobalt, Believe, and the National Music Publishers' Association to settle actual and potential claims against Udio, and that those agreements include licensing terms. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

8. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

9. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

**<u>THE PARTIES</u>**

10. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

11. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

12. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

13. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

14. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

16. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

17. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

18. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

19. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

20. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

21. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them. To the extent the allegations in this paragraph purport to summarize or characterize a publicly available court document, that document speaks for itself.

22. Udio admits that Uncharted Labs, Inc. d/b/a Udio is a Delaware corporation with its current principal place of business at 750 Lexington Avenue, Floor 9, New York, New York 10022.

23. The allegations of this paragraph are directed at unknown parties, and Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph about the unknown parties, and on that basis denies them. The remaining allegations

against Udio are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

24. For purposes of this action, Udio does not contest subject matter jurisdiction, except with respect to Udio's Thirteenth Affirmative Defense (Lack of Article III Standing) and Fourteenth Affirmative Defense (Lack of Statutory Standing). The paragraph otherwise contains legal conclusions to which no response is required.

25. For purposes of this action, Udio does not contest personal jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

26. For purposes of this action, Udio does not contest venue. The paragraph otherwise contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

27. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

28. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

29. Udio admits that a public beta version of its AI music generation tool was launched on April 10, 2024. Udio further admits that the quoted language appears in Udio, *Former Google Deepmind Researchers Assemble Luminaries Across Music And Tech To Launch Udio, A New AI-Powered App That Allows Anyone To Create Extraordinary Music In An Instant*, PR Newswire (Apr. 10, 2024), available at https://www.prnewswire.com/news-releases/former-google-

deepmind-researchers-assemble-luminaries-across-music-and-tech-to-launch-udio-a-new-ai-powered-app-that-allows-anyone-to-create-extraordinary-music-in-an-instant-302113166.html. Udio also admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

30. Udio admits that its product allows users to enter text prompts or audio files to generate digital music files. Udio further admits that users can prompt Udio's tool with a description of the music they want to generate, which can include specifying the genre, lyrics, story direction, and themes to serve as inspiration. Udio also admits that paid subscribers can also prompt Udio's tool by uploading a sound recording. Udio admits that the quoted language appears in a June 5, 2024 post from the @udiomusic X account, available at https://x.com/udiomusic/status/1798369297758077066. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations. Udio further admits that its tool can process a user's prompt and generate two digital music files within seconds. Udio also admits that once the files have been generated, users can further edit them through Udio's "remix" feature. Udio denies the remaining allegations of this paragraph.

31. Udio admits that its product was originally free to users, with a limit of 600 music files per month. Udio further admits that on May 8, 2024, Udio introduced subscription tiers, with options that range from $10 a month for 1,200 credits (which equate to 1,200 30-second clips per month), to $30 a month for 4,800 credits (which equates to 4,800 30-second clips per month).

Udio further admits that its pricing structure has changed over time. Udio admits that it also allows users to create full length tracks that can be remixed without limit. Udio admits that its more expensive subscription tiers provide more credits to users per month. Udio denies the remaining allegations of this paragraph.

32. Udio admits that its models are based on a machine learning model. Udio further admits that its models produce audio. Udio also admits that its models are a type of computer program known as a "neural network," which were constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. Udio admits that its training process includes additional further technical refinements. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

33. Udio admits that some of the quoted language appears in Comments of a16z in Response to Notice of Inquiry on Artificial Intelligence & Copyright 5 (Oct. 30, 2023). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.[2] Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding "copyrighted" sound recordings or "Copyrighted Recordings," and on that basis denies them. Udio admits that it obtained audio data from YouTube for use as training data. Udio admits its Answer in the Previous Action contained the quoted language. To the extent this paragraph purports to

[2] Plaintiffs fail to accurately quote Comments of a16z in Response to Notice of Inquiry on Artificial Intelligence & Copyright 5 (Oct. 30, 2023) in their Complaint. ("First, the only practical way generative AI models can exist is if they can be trained on an almost unimaginably *massive* amount of content, much of which (because of the ease with which copyright protection can be obtained) will be subject to copyright." (emphasis added)).

summarize or characterize that pleading, that pleading speaks for itself. The remaining allegations in this paragraph contain legal conclusions to which no response is required or refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

34. Udio admits that its models are a type of computer program known as a "neural network," which were constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. Udio admits that its training process includes additional further technical refinements. Udio also admits its Answer in the Previous Action stated that "its training process includes additional further technical refinements." To the extent the allegations in this paragraph purport to characterize this admission, Udio denies those allegations; the document speaks for itself. Udio further admits that it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions to which no response is required or refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, Udio denies the allegations on those bases. Udio denies the remaining allegations of this paragraph.

35. Udio admits its models generate new music in existing musical styles using a complex collection of statistical insights regarding those styles that it has derived from many sound recordings. Udio admits that some of the quoted language appears in *Udio CEO Andrew Sanchez on 'Walled Gardens' in AI Music, Warner-Suno, and Why He's Skeptical of Attribution Engines*, Music Business Worldwide (May 19, 2026). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those

allegations. Udio denies the remaining allegations of this paragraph.

36. Udio denies the allegations of this paragraph.

37. Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings in order to derive statistical insights about them. Udio further admits that Plaintiffs have represented that the Audible Magic process has demonstrated that the sound recordings included in Exhibit A were included in Udio's training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

38. Udio admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder/. Udio further admits that the quoted language appears in Sharon Goldman, *AI Music May Be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024), available at https://fortune.com/2024/05/17/ai-music-training-scraped/. Udio also admits that the quoted language appears in Kristin Robinson, *Metro Boomin's 'BBL Drizzy' Is More Than a Joke – It Could Signal the Future of Sampling*, Billboard (May 15, 2024), https://www.billboard.com/business/tech/metro-boomin-bbl-drizzy-future-ai-sampling-1235682587/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

39. Udio admits its Terms of Service state "by using the Services and uploading Your Content, you grant us and our affiliates, successors, assigns, and designees a license to access, use,

host, cache, store, reproduce, transmit, display, publish, distribute, and modify Your Content to operate, improve, promote and provide the Services, including to reproduce, transmit, display, publish, and distribute Output based on your Input Content and to train or otherwise improve or modify our artificial intelligence and machine learnings model(s) related to the Services." To the extent the allegations in this paragraph purport to summarize or characterize Udio's Terms of Service, the terms speak for themselves. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs . . . carefully control access to the Copyright [sic] Recordings" and on that basis denies it. To the extent the remaining allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations.

40. The allegations in this paragraph contain legal conclusions to which no response is required. Udio also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "casual users," and on that basis denies them.

- Udio admits that the quoted language appears in Brian Hiatt, *AI-Music Arms Race: Meet Udio, the Other ChatGPT for Music*, Rolling Stone (Apr. 10, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.
- Udio admits that the quoted language appears in Ed Newton-Rex, *Yes… Udio's Output Resembles Copyrighted Music, Too*, Music Business Worldwide (Apr. 18, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.
- Udio admits that the quoted language appears in Anthony Fantano, *Disgusting AI*

*Music App*, YouTube (May 3, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

- Udio admits that the quoted language appears in Sync My Music, *Is Udio Reproducing Copyrighted Songs? (Audio Examples)*, YouTube (May 15, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.
- Udio admits that the quoted language appears in Kristin Robinson, *Metro Boomin's 'BBL Drizzy' Is More Than a Joke – It Could Signal the Future of Sampling*, Billboard (May 15, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.
- Udio admits that the quoted language appears in Sharon Goldman, *AI Music May be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

41. Udio admits that the selectively quoted language appears in pre-litigation correspondence between Udio and Plaintiffs, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of that correspondence, Udio denies those allegations.

42. Udio admits that the selectively quoted language appears in the Answer in the Previous Action, the full text of which speaks for itself. To the extent the allegations in this

paragraph purport to summarize or characterize or are inconsistent with the full text of that pleading, Udio denies those allegations.

43. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of Udio's Answer in the Previous Action, the full text of that pleading speaks for itself. Udio lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' representations regarding the results of their Audible Magic investigation, and on that basis denies them. To the extent the allegations in this paragraph contain legal conclusions regarding Plaintiffs' ownership of certain recordings, no response is required. To the extent a response is required, Udio denies those allegations.

44. Udio admits that it retains the sound recordings it used to train its models in compliance with its preservation obligations in the Previous Action. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio denies the remaining allegations of this paragraph.

45. Udio admits that it obtained audio data from YouTube for use as training data. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

46. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

47. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

48. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

49. Udio admits that it acquired some of its training data by utilizing YT-DLP. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

50. The allegations in this paragraph consist of legal conclusions to which no response is required. The allegations otherwise refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

51. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

52. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio admits that on April 25, 2024, it received a letter from certain Plaintiffs in connection with the Previous Action. Udio further admits that on May 1, 2024, it provided a response to that letter. Udio further admits that its May 1, 2024 letter did not disclose details about the contents of Udio's training data, which Udio regards as competitively sensitive. To the extent Plaintiffs seek to further characterize that correspondence, that correspondence speaks for itself. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

53. Udio admits that its May 1, 2024 letter did not include details regarding its training data, which Udio regards as competitively sensitive. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

54. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies those allegations. To the extent the

allegations in this paragraph purport to summarize or characterize portions of public court documents, those documents speak for themselves. Udio admits that since March 20, 2025, certain Plaintiffs in this action have accessed Udio's source code and training data numerous times in a controlled environment in secured rooms located within the office of Udio's outside counsel in the course of discovery in the Previous Action. Udio admits that Plaintiffs have informed Udio that they conducted a process involving Audible Magic and have made the results of that process available to Udio. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

55. Udio admits it has partnered with Audible Magic to watermark Udio outputs and to create guardrails to prevent users from uploading content to Udio that they do not own. To the extent the allegations in this paragraph purport to summarize or characterize portions of a public court document, that document speaks for itself. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

56. Udio admits that Audible Magic provides a service whereby it compares an unidentified audio file to a database of audio fingerprints derived from sound recordings provided to Audible Magic by third parties, and attempts to identify matches between the unknown audio files and the fingerprints obtained from third parties. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

57. Udio admits that since March 20, 2025, certain Plaintiffs in this action have accessed Udio's source code and training data numerous times in a controlled environment in secured rooms located within the office of Udio's outside counsel in the course of discovery in the

Previous Action. Udio admits that Plaintiffs have informed Udio that they conducted a process involving Audible Magic and have made the results of that process available to Udio. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

58. Udio admits that Plaintiffs filed a list of additional works Udio has purportedly infringed on the docket in the Previous Action in connection with their second motion for leave to amend their complaint. To the extent the allegations in this paragraph otherwise purport to summarize or characterize portions of the public court document, that document speaks for itself. Udio admits that since March 20, 2025, certain Plaintiffs in this action have accessed Udio's source code and training data numerous times in a controlled environment in secured rooms located within the office of Udio's outside counsel in the course of discovery in the Previous Action. Udio admits that Plaintiffs have informed Udio that they conducted a process involving Audible Magic, and that Plaintiffs contend that process was the basis for their assertion that the additional asserted works are in Udio's training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

59. Udio admits that it has asserted a fair use defense in the Previous Action and asserts a fair use defense here. Udio otherwise denies the allegations of this paragraph.

60. Udio admits its Terms of Service state "by using the Services and uploading Your Content, you grant us and our affiliates, successors, assigns, and designees a license to access, use, host, cache, store, reproduce, transmit, display, publish, distribute, and modify Your Content to operate, improve, promote and provide the Services, including to reproduce, transmit, display,

publish, and distribute Output based on your Input Content and to train or otherwise improve or modify our artificial intelligence and machine learnings model(s) related to the Services." To the extent the allegations in this paragraph purport to summarize or characterize Udio's Terms of Service, the terms speak for themselves. Udio further admits that it has entered into agreements with several prior plaintiffs in the Previous Action, including Universal Music Group and Warner Music Group, to settle those prior plaintiffs' claims in the Previous Action, and that those agreements include licensing terms. Udio further admits that it has entered into agreements with Merlin, Kobalt, Believe, and the National Music Publishers' Association to settle actual and potential claims against Udio, and that those agreements include licensing terms. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

61. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

62. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

63. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

64. Udio admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder/. To the extent the screenshot in this paragraph purports to reference portions of a publicly available comment posted on May 15, 2024 on X by @DavidDingAI, the full post speaks for itself. To the extent the allegations in this paragraph purport to summarize or

characterize or are inconsistent with either source, Udio denies those allegations. Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings in order to derive statistical insights about them. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

65. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

66. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

67. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

68. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

69. Udio admits that it has entered into agreements with several prior plaintiffs in the Previous Action, including Universal Music Group and Warner Music Group, to settle those prior plaintiffs' claims in the Previous Action, and that those agreements include licensing terms. Udio further admits that it has entered into agreements with Merlin, Kobalt, Believe, and the National Music Publishers' Association to settle actual and potential claims against Udio, and that those agreements include licensing terms. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

70. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

71. Udio admits that as of the date of this Answer, its Terms of Service state "by using the Services and uploading Your Content, you grant us and our affiliates, successors, assigns, and designees a license to access, use, host, cache, store, reproduce, transmit, display, publish, distribute, and modify Your Content to operate, improve, promote and provide the Services, including to reproduce, transmit, display, publish, and distribute Output based on your Input Content and to train or otherwise improve or modify our artificial intelligence and machine learnings model(s) related to the Services." Udio further admits that its Terms of Service stated the same in April 2024. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted recordings, and on that basis denies those allegations.

72. Udio admits that the assertion that the Udio tool outputs 10 music files per second appears in Tim Ingham's article, *The Train Has Left the Station: AI Music Platform Udio Is Already Spitting Out 10 Songs a Second*, Music Business Worldwide (May 13, 2024), available at https://www.musicbusinessworldwide.com/the-train-has-left-the-station-ai-music-platform-udio-is-already-spitting/. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the article, the full text of the article speaks for itself. Udio admits that the quoted language previously appeared in its Terms of Service. Udio denies that its current Terms of Service contain that language. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted

recordings, and on that basis denies those allegations.

73. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

74. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

75. Udio admits that there is room for AI and human creators to forge a sustainable, complementary relationship that promotes human creativity and facilitates the human creations that shape culture, excite the public, and resonate with consumers. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

76. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**(Direct Copyright Infringement of Post-1972 Copyrighted Recordings)**

77. Udio incorporates by reference its responses to all allegations set forth in paragraphs 1–76 as if fully set forth herein.

78. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

79. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

80. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

81. Udio also admits that its models are a type of computer program known as a "neural network," which were constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. Udio admits that its training process includes additional further technical refinements. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

82. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

83. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

## SECOND CAUSE OF ACTION

### (Direct Copyright Infringement of Pre-1972 Copyrighted Recordings)

84. Udio incorporates by reference its responses to all allegations set forth in paragraphs 1–76 as if fully set forth herein.

85. The allegations in this paragraph contain legal conclusions to which no response is

required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

86. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

87. The allegations in this paragraph contain legal conclusions to which no response is required.

88. Udio also admits that its models are a type of computer program known as a "neural network," which were constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. To the extent that the allegations in this paragraph otherwise contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

89. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

90. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies these allegations.

**<u>THIRD CAUSE OF ACTION</u>**

**(Circumvention of Technological Measures)**

91. Udio incorporates by reference its responses to all allegations set forth in

paragraphs 1–76 as if fully set forth herein.

92. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' Copyrighted Recordings, and on that basis denies those allegations.

93. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' Copyrighted Recordings, and on that basis denies those allegations. Udio admits that it obtained audio data from YouTube for use as training data, but otherwise denies any remaining allegations of this paragraph.

94. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' alleged "Copyrighted Recordings," and on that basis denies those allegations. Udio denies any remaining allegations of this paragraph.

95. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations.

96. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

A. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

B. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

C. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

D. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

E. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

F. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

G. In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

With respect to the jury demand contained in Plaintiffs' Complaint, Udio states that no response is required. To the extent a response is deemed required, Udio denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Udio asserts the following affirmative defenses, incorporating by reference all of the preceding material. Udio does not concede that it has the burden of proof on the defenses listed below.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107. Udio's AI tool uses a back-end technological process, invisible to the public, in the service of creating an ultimately non-infringing new product. This is quintessential fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands. The defense of copyright misuse applies when a defendant can prove one of the following: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws. The effect of a finding of copyright misuse is to preclude enforcement of the copyright or copyrights at issue during the period of misuse, and the defense is available even if the defendant has not itself been injured by the misuse. On information and belief, Plaintiffs have engaged in anticompetitive activities that extend an unlawful monopoly over the production and commercialization of music, which by itself and/or in connection with other conduct satisfies each of the three alternative prongs above.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail in whole or in part because the complained-of use was validly licensed by express or implied license.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold

exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Udio, including because some or all of the material over which Plaintiffs claim copyright is not protectable and/or is in the public domain.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying is de minimis.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of Udio's alleged copying.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because one or

more Plaintiffs lack standing under Article III of the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because Plaintiffs are not "person[s] injured" within the meaning of 17 U.S.C. § 1203(a) and therefore lack standing to maintain a civil action for any alleged violation under § 1201.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Udio has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Udio reserves the right to amend this Answer and/or its affirmative defenses.

**REQUEST FOR RELIEF**

Therefore, Udio respectfully requests that this Court:

1. Enter judgment in Udio's favor and against Plaintiffs;
2. Dismiss all claims by Plaintiffs with prejudice;
3. Award Udio its attorneys' fees and costs to the extent permitted by law; and
4. Grant Udio such other and further relief as this Court deems just and proper.

Dated: August 27, 2026
New York, New York

Respectfully submitted,

/s/ Brittany N. Lovejoy
Andrew M. Gass (*pro hac vice* pending)
Brittany N. Lovejoy (*pro hac vice* pending)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Andrew H. Schapiro
Deborah K. Brown
Jessica A. Rose
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
andrewschapiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
jessicarose@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc., d/b/a Udio.com*